UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG S. PETRASHOV,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUSA COUNTY POLICE,<br><br>    Defendant. | No. 2:18-cv-0191 JAM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because (1) plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee, and (2) the complaint, in its current form, is frivolous.

## I. INSUFFICIENT INFORMATION IN THE IFP APPLICATION

Plaintiff's IFP application does not make the showing required by 28 U.S.C. § 1915(a)(1). According to the application, in the past 12 months plaintiff has received money from "business, profession or other self-employment" and "rent payments, interest or dividends." ECF No. 2 at 1-2 ¶¶ 3(a), 3(b). However, the application does not describe the source of the money and the amount plaintiff receives or expects to continue to receive from each of these sources. Id. In addition, the application does not disclose whether plaintiff has dependents and if so, how much

1

plaintiff contributes to their support.  Id. at 2 ¶ 6.

To prevail on a motion to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). In addition, plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'" Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981)).

Because of the above omissions, plaintiff's application fails to establish that he is entitled to prosecute this case without paying the required fees. The application will therefore be denied.

## II. SCREENING STANDARDS

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### III. THE COMPLAINT

Plaintiff names the Colusa County Police Department as the sole defendant. ECF No. 1 at 2. The complaint alleges, in its entirety, the following:

> I am a farmer beekeeper I produced honey. In California also Minneapolis. MN, 7 years ago, my farm was destroyed, in . Colusa . County. California, I have a report in California . I have proof. police searched for 7 years did not find anything I lost a lot of losses many I would like to get compensation from government.

Id. at 11.

Plaintiff also attaches a police report from the Colusa County Sheriff's Department as proof of the damage plaintiff suffered to his bee boxes. Id. at 7-10.

The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction (that is, why the lawsuit is filed in this federal court rather than a state court),

3

or plaintiff's claims (that is, who did what to plaintiff and how he was harmed), even though those things are required by Fed. R. Civ. P. 8(a)(1), (a)(2). The court has no idea precisely what happened to plaintiff, how he was harmed, or why he is suing the defendant. Accordingly, the complaint must be dismissed as frivolous.

## IV. AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your IFP application and your complaint are being dismissed, but you are being given an opportunity to submit a new IFP application and an amended complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you suffered and how the defendant harmed you, and (3) the relief you are seeking. An amended complaint should briefly provide the necessary information, following the directions above.

## VI. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form, as explained above.

2. The complaint (ECF No. 1) is DISMISSED with leave to amend; and

3. Plaintiff must file his renewed IFP application and amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must do his best to follow the guidance provided in this order. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: April 11, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE